**HOMESTEAD INSURANCE COMPANY, INC., Plaintiff—Appellant,**

v.

**SHERMAN WAY BILTMORE APARTMENTS, Defendant—Appellee.**

No. 02–55578.

D.C. No. CV–01–09644–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2003.

Decided Feb. 24, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

MEMORANDUM *

The district court improperly abstained from exercising jurisdiction over Sherman Way's damages action against Homestead and Homestead's declaratory judgment action against Sherman Way. We decline to reach the merits of Homestead's constitutional claims because there are factual questions that remain unresolved. Accordingly, we REVERSE the district court's orders of abstention in these actions and REMAND for further proceedings.

■ A federal court may not dismiss a damages action or remand it to state court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

based on abstention. *Quackenbush v. All-state Ins. Co.*, 517 U.S. 706, 711, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). The district court therefore had no discretion to remand Sherman Way's damages action on grounds of abstention.

 The district court also improperly dismissed Homestead's declaratory judgment action without stating its reasons for abstaining. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225–26 (9th Cir. 1998) (en banc) (so holding and identifying considerations relevant to abstention). We reverse the dismissal and remand to the district court so that it may reconsider its decision, including taking into account its resolution of the issue of subject matter jurisdiction in the related case of *Casden Co. v. Homestead Insurance*, D.C. No. CV–02–00623–R. If the Casden damages action is not remanded to state court for lack of subject matter jurisdiction, we can see no reason why the district court should abstain from Homestead's declaratory judgment action against Sherman Way. *See Md. Cas. Co. v. Knight*, 96 F.3d 1284, 1289 (9th Cir.1996) (noting that "[c]ases ... in which there are no parallel state court proceedings ... lie at the outer boundaries of the district court's discretion under the Declaratory Judgment Act" (internal quotation marks and citations omitted)). Under such a scenario, the district court would have to reach Homestead's constitutional claims in any event as defenses to Casden's and Sherman Way's damages actions, and thus abstaining from the declaratory judgment action would result in piecemeal litigation. *See id.* If the district court again decides to abstain, it must "record its reasoning in a manner sufficient to permit the proper application

of the abuse of discretion standard on appellate review." *Dizol*, 133 F.3d at 1225.

This panel shall retain jurisdiction over any further appeal in this matter.

**REVERSED AND REMANDED.**